FILED
ASHEVILLE, NC
Hand-Delivered
FEB 04 2025
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH CAROLINA

WESTERN DIVISIOIN     CASE NO 1:25-cv-35-MR-WCM

NON-JURY TRIAL

---

Steven Louis Baumohl
    Plaintiff

vs

Jean Marie Christy,
in her official capacity as
Buncombe County
Clerk of Court,
    Defendant

Janelle Lyons
    Defendant

Lakota Robin Denton
    Defendant

Jacqueline Chromey Denton
    Defendant
and

Pisgah Legal Services
  Interested Party

---

**COMPLAINT FOR
VIOLATION OF CIVIL RIGHTS,
(NON-PRISONER)
DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES**

1

INTRODUCTORY STATEMENT

This is an action seeking a judgment declaring that the court orders issued by the North Carolina Superior Court violate Plaintiff's rights under a) the United States Constitution Amendments 1 and 14; b) the North Carolina State Constitution; and c) other Laws of North Carolina. Plaintiff seeks injunctive relief enjoining the enforcement of those orders. Plaintiff also seeks compensatory damages from the non-judicial defendants,

PARTIES

1) At all times relevant to this complaint, Plaintiff Steven Louis Baumohl ("Steven" and/or "Plaintiff") was a resident of Buncombe County, North Carolina, with a street address of 107 Appalachian Village Road, Asheville, NC 28804 and a mailing address of PO Box 692, Weaverville, NC 28787.

2) Steven, a 1972 graduate of Columbia University Law School, and former law clerk to Hon. Joseph L. Tauro United States District Court Judge, is a licensed attorney in Massachusetts and New York, but not licensed in North Carolina.

2) Jean Marie Christy ("Clerk Christy") is a defendant only in her official capacity as the Clerk Of Courts for North Carolina Buncombe County with an official office at Buncombe County Courthouse, 60 Court Plaza, Asheville, NC 28801.

3) Janelle Lyons ("Attorney Lyons") is a Defendant, a licensed North Carolina attorney with a principal place of business at her law firm Cranfill Sumner LLP, 2907 Providence Road, Suite 200, Charlotte, NC 28211.

4) Lakota Robin Denton ("Attorney Denton") is a licensed North Carolina attorney, with a principal place of business at his law firm Lakota R. R Denton PA., and a resident of Buncombe county residing at 3 Wandering Oaks Way, Asheville, NC 28805

5) Jacqueline Chromey Denton (Mrs. Denton) is a Defendant, the wife of Attorney Denton, and a resident of Buncombe county residing at 3 Wandering Oaks Way, Asheville, NC 28805.

6) Pisgah Legal Services, is an interested party, and a nonprofit corporation providing legal services to the needy with corporate offices at 62 Charlotte Street, Asheville, NC 28801,

## JURISDICTION

7) This court has federal question jurisdiction over federal claims arising under federal law pursuant to 28 U.S.C. section 1331.

8) This court has supplemental jurisdiction over claims arising under North Carolina law pursuant to 28 U.S.C. section 1367.

3

**Federal Claims For Declaratory, Injunctive Relief and Compensation**

9) Plaintiff recites paragraphs 1 to 8 above, as if they were reiterated anew.

10) On August 23, 2021, Buncombe Superior Judge Alan Z. Thornburg (Judge Thornber)) issued a Gatekeeper Order dated August 23, 2021 (the "August Order"), a copy of which is attached hereto and incorporated herein as Exhibit-1,

11) On November 22, 2021 Judge Thornburg issued a second Gatekeeper Order dated November 22, 2021, (the "November Order"), a copy of which is attached hereto and incorporated herein as Exhibit-2.

12) Both the August Order and the November Order (collectively the "Gatekeeper Order") prohibit Plaintiff from initiating a lawsuit and/or filing any pleadings or other documents in any Buncombe County court unless a) a licensed North Carolina attorney certifies that document is proper to be filed or b) the filing is approved by a judge before filing.

13) The Gatekeeper Order violates Plaintiff's rights under the 1st and 14th Amendments to the United States Constitution.

14) The Gatekeeper Order was entered based upon intentionally false and/or misleading information which was prejudicial to Plaintiff.

15) Upon information and belief, Judge Thornburg was materially misled by the false and misleading information to enter the Gatekeeper Order.

16) As a result of the misrepresentations and omissions, Judge Thornburg did not have before him actual facts to support the issuance of the Gatekeeper Order.

17) Upon information and belief, Attorney Lyons violated the North Carolina Code of Professional Conduct by her intentional submission of misinformation to Judge Thornburg.

18) The November Order was drafted and submitted to Judge Thornburg by Attorney Lyons.

19) Attorney Lyons had no standing to appear for Pisgah as Pisgah was not a named party in the Superior Court Actions and there was no motion allowing Pisgah to appear

20) Attorney Lyons and Plaintiff, prior to the issuance of the August Gatekeeper Order, were involved in communications in which Plaintiff informed Attorney Lyons, he was considered by then Pisgah Executive Director James Barrett as a friend and supporter of Pisgah.

21) Plaintiff had informed Attorney Lyons that he had no intention of suing Pisgah and had offered to sign waivers and releases of any claims against Pisgah.

22) Attorney Lyons failed to inform Judge Thornburg of these facts, thereby violating her ethical duties under the North Carolina Rukes of Professional Conduct, including Rules \_\_\_\_\_

5

23) The August Order was drafted and submitted to Judge Thornburg by Attorney Ervin Ball (Attorney Ball) a North Carolina licensed lawyer who represented Attorney Denton and Mrs. Denton in the Superior Court Actions.

24) Attorney Ball an experienced trial attorney was provided by Farm Bureau Insurance Company to represent the Dentons under their homeowners insurance policy despite the intentional tort claims alleged in the Superior Court actions not being insurable events under their homeowners policy.

25) Upon information and belief, Attorney Ball misled Judge Thornburg, with the approval of Attorney Denton and Mrs. Denton in multiple ways to persuade Judge Thornburg to issue a Gatekeeper Order.

26) Upon information and belief, Attorney Ball misled Judge Thornburg, by making statements including but are not limited to the following statements made without presentation of probative evidence- a) Plaintiff filed numerous complaints against Attorney Denton, Mrs. Denton and Paula Carol Denton that had no legitimate purpose, were frivolous and had no viable claim; b) that Plaintiff filed four separate lawsuit against but failing to mention the numerous lawsuits and motions Dr. Denton and Attorney Denton filed in Family Court against Plaintiff seeking to sanction him and/or hold him in contempt c) falsely claiming the Plaintiff filed claims of perjury against Attorney Denton   d) arguing that Plaintiffs actions should be dismissed under Rule 12(b)(6) based on  asserted facts outside of the four corners of the complaints, all in violation of North Carolina law e) falsely

6

arguing that Plaintiff's defamation claim in action in 21-CVS-2022 was a repeat defamation claim of a previous action although they were clearly not the same f) submitting to Judge Thornburg a Gatekeeper Order that by its terms applied to any filing in Buncombe County, despite the fact that Judge Thornburg stating in open court that the " filings that will be prohibited will be filings related to any parties in the cases that are now before the Court and to be--to include—that would include Pisgah Legal Services or any employees of Pisgah Legal Services, and that would include Attorney Ervin Ball or Paterick McCroskey, Paula Denton, Rob Denton, Roberta or Jack Chromey."

27) On October 31, 2024, Plaintiff was denied filing a complaint against Farm Bureau Insurance as a result of Clerk Christy's misapplication of the Gatekeeper Order.

28) On November 13, 2024, after failing to receive permission to file the complaint against Farm Bureau Insurance, Plaintiff sent a letter to Clerk Christy but has not received any response.

28) Plaintiff has not been able to file his complaint against Farm Bureau Insurance.

29) Previously Plaintiff went to the clerk's office seeking to file a district court complaint against Paula Denton which was subject to the statute of limitations imminently expiring.

7

30) Plaintiff gave the complaint to the clerk's office along with a note to District Court Chief Judge Calvin Hill asking that the complaint be filed before the statute of limitations barred the claim, Plaintiff was unable to file that complaint as he never received any response from the clerk's office.

31) Attorney Denton has a personal and professional vendetta against Plaintiff having filed multiple motions against Plaintiff in both Family Court and Superior Court seeking sanctions and/or dismissal of Plaintiff's pleadings allegedly violating the Gatekeeper Order.

32) On or about January 24, 2025, Plaintiff appeared at the Buncombe Clerk's office to file a civil complaint against Ms. Suzanne Suarez Hurley A copy of the complaint is attached hereto and incorporated herein a A-3.

33) Plaintiff met with Mr. Ryan Stone of the Clerk's office, an employee working under the authority of Clerk Christy, and who informed Plaintiff that his proposed filing against Ms. Hurley needed to be reviewed by Judge Thornburg, who as of this day has not yet approved the filing.

34) The Gatekeeper Order has violated Plaintiff's rights under the United States Constitution, the North Carolina Constitution and North Carolina statutory, procedural and common law and should be enjoined.

35) Plaintiff has suffered financial and personal injuries, including but limited to garden variety personal injuries, as a result of Attorney Lyons action and the actions of Attorney Ball on behalf of Attorney Denton and Mrs. Denton in misleading Judge Thornburg and Clerk Christy failure to properly apply it,

36) Plaintiff has suffered irreparable harm since the issuance of the Gatekeeper Order which violate his rights under the United States Constitution.

### Claims Under the North Carolina State Constitution

37) Plaintiff recites paragraphs 1 to 36 above, as if they were reiterated anew.

38) The North Carolina State Constitution ("NCSC") Article1, Section 14 provides

> "Freedom of speech and the press are two of the great bulwarks of liberty and therefore shall never be restrained, but every person shall be held responsible for their abuse."

39) NCSC Article 1, Section 18 provides

> … All courts shall be open; every person for an injury done him in his lands, goods, person, or reputation shall have remedy by due course of law; and right and justice shall be administered without favor, denial, or delay.

40) The Gatekeeper Orders violate Plaintiff's rights to free speech, right to due process of law and his right to seek justice in the courts of North Carolina.

41) The Gatekeeper Orders violate Plaintiff's North Carolina constitutional rights including but not limited to those pursuant to NCSC Article 1. Sections 14 and 18 of the North Carolina State Constitution as his rights to seek justice has been delayed and denied.

42). Plaintiff has suffered irreparable harm as a result of the Gatekeeper Orders violating his constitutional rights under the North Carolina Constitution

43) Plaintiff has suffered financial and personal injuries, including but limited to garden variety personal injuries, as a result Attorney Lyons Attorney Denton and Mrs. Denton actions and/or authorization of their Attorney misleading Judge Thornburg and Clerk Christy failure to properly apply it,

**Claims Under North Carolina Statutory, Procedural and Common Laws**

44) Plaintiff recites paragraphs 1 to 43 above, as if they were reiterated anew.

45) The Gatekeeper Orders were issued without Judge Thornburg being able to accurately weigh all the relevant circumstances, including (a) Plaintiff's history of litigation: b)whether Plaintiff had filed vexatious, harassing, or duplicative lawsuits; c) whether Plaintiff had a good faith basis for pursuing the litigation, or simply intended to harass; (d) the extent of the burden on the courts and other

10

parties resulting from Plaintiff's filings; and (4) the adequacy of alternative sanctions.

46) The Gatekeeper Orders were unsupported by any established facts but only opinion of Counsel stated in pleadings or argued orally in Court.

47) The Gatekeeper Orders improperly limit Plaintiff's exercise of protected rights, are overbroad, unnecessary and do more than is reasonably necessary to protect the proper administration of justice.

48) The Gatekeeper Orders as drafted and issued were not a sanction of last resort as other sanctions, such as attorney fee orders under Rule 11 or G.S. 6-21.5.

49) Prior to the Gatekeeper Orders entering, Plaintiff had not been sanctioned for any action in any NC Court.

50) Prior to the Gatekeeper Orders entering, Attorney Denton, directly and/or through his Attorney Ervin Ball had filed numerous pleadings in the Superior Court seeking the Court to sanction Plaintiff, all of which were denied and/or not granted.

51) The Gatekeeper Orders did not include written findings of fact based upon probative fact properly before the court to explain the basis for the Gatekeepers.

52) The Gatekeeper Orders did not include conclusions of law based upon proper findings of facts to support the issuance of the Gatekeeper Orders,

53) The Gatekeeper Orders violate Plaintiff's rights under North Carolina, statutory, procedural and common law.

54) Plaintiff has suffered irreparable harm as a result of the Gatekeeper Orders, violating his rights under North Carolina statutory, procedural and common law.

55) Plaintiff has suffered financial and personal injuries, including but limited to garden variety personal injuries, as a result Attorney Lyons, Attorney Denton and Mrs. Denton's actions and/or authorization of their Attorney misleading Judge Thornburg and Clerk Christy failure to properly apply it.

## Claims For Damages

56) Plaintiff recites paragraphs 1 to 55 above, as if they were reiterated anew.

57) Attorney Lyons violated Plaintiff's rights under a) the United States Constitution Amendments 1 and 14; b) the North Carolina State Constitution; and c) other Laws of North Carolina.

58) Plaintiff has suffered financial and personal injuries as a result of Attorney Lyons violations of his rights under a) the United States Constitution Amendments 1 and 14; b) the North Carolina State Constitution; and c) other Laws of North Carolina.

59) Mrs. Denton and Attorney Denton individually and jointly have violated Plaintiff's rights under a) the United States Constitution Amendments 1 and 14; b) the North Carolina State Constitution; and c) other Laws of North Carolina.

60) Plaintiff has suffered financial and personal injuries as a result of violations of Mrs. Denton and Attorney Denton violating his rights under a) the United States Constitution Amendments 1 and 14; b) the North Carolina State Constitution; and c) other Laws of North Carolina and Clerk Christy's failure to properly apply it the Gatekeeper Order,

**WHEREFORE**, Plaintiff demands:

1 As for the Federal Claims For Declaratory and Injunctive Relief, a Judgment declaring the Gatekeeper Order unconstitutional and an injunction prohibiting their enforcement

2) As for the Claims Under the North Carolina State Constitution,
a Judgment declaring the Gatekeeper Order unconstitutional and in violation of law and an injunction prohibiting their enforcement

3) As for Claims Under North Carolina Statutory, Procedural and Common Laws,
a Judgment declaring the Gatekeeper Order in violation of North Carolina law and an injunction prohibiting enforcement

13

4) As for the Claims for Damages, an award of compensatory damages according to proof against Mrs. Denton and Attorney Denton individually and jointly.

5) As for the Claims for Damages, an award of compensatory damages according to proof against Attorney Lyons.

6) An award of costs, fees and interest against Mrs. Denton, Attorney Denton and Attorney Lyons.

7) Such other and further relief as this court deems just and proper.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Respectfully Submitted and Signed under the pains and penalties

This 4th day of February 2025.

Plaintiff

*[signature]*

Steven Louis Baumohl
PO Box 692
Weaverville, NC 28787
413 896 5092
slouisb@outlook.com